UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL A. CALVIN,

    Petitioner,

v.                                       Case No. 2:04-cv-65
                                           HON. R. ALLAN EDGAR

TIM LUOMA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Michael A. Calvin filed this petition for writ of habeas corpus challenging the validity of his state court jury conviction for first degree murder, felony firearm and felon in possession of a firearm. Petitioner was convicted by a jury on February 4, 2000, and on March 31, 2000, was sentenced to a prison term of mandatory life for the murder conviction, a concurrent term of 38 to 60 months for the felon in possession conviction and a consecutive two year sentence for the felony firearm conviction.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner appealed his conviction raising the following issues:

I. The trial court admitted hearsay evidence that a prosecution witness 'had heard there were conflicts' between defendant and decedent. This ruling violated MRW 801(c), denied defendant a fair trial, and infringed on his confrontation rights under the Sixth Amendment and the Michigan Constitution.

II. Prosecutorial misconduct denied defendant's federal and state due-process rights to a fair trial.

A. The trial court ruled that evidence that defendant left the scene after the shooting did not support an instruction that flight was evidence of guilt. The prosecutor engaged in misconduct when she suggested to the jury that leaving the scene after the shooting was evidence of guilt.

B. The prosecutor improperly and repeatedly invited the jury to speculate why defendant allegedly visited witness Lakesha Garrard's house moments after the shooting, infringing on defendant's due-process and self incrimination rights.

III. The trial court's instruction that it was "required to charge the jury" on second-degree murder where first degree murder is charged suggested that second-degree murder was not a genuine option to be deliberated, but a technicality. This was plain error which undercut defendant's presumption of innocense and denied due process.

IV. Two weeks after the shooting, the police shined a spotlight into a vehicle, both the driver and the passenger fled on foot. Narcotics and a handgun were found in the car where defendant, the passenger, had been sitting. The trial court erred and denied a fundamentally fair trial in allowing proof that defendant fled from the police as "flight evidence."

V. Ineffective assistance of counsel denied defendant a fair trial.

A. Defendant was charged as a felon in possession of a firearm. Trial counsel ineffectively stipulated to the introduction of certified documents detailing defendant's prior conviction for felonious assault and his sentence of incarceration, and failed to object to argument regarding the duration and details of defendant's prior sentence.

>B. When the prosecutor sought to prove the arrest of defendant two weeks after the shooting, and the seizure of an unrelated firearm, trial counsel failed to object on proper grounds that this other acts evidence was offered without the prior notice and rationale for admission required by MRE 404(b)(2).
>
>C. Lakesha Garrard testified that about 10 minutes after the shooting, for reasons unknown, defendant knocked on her door. Trial counsel ineffectively failed to object to this improper other-acts evidence and to prejudicial argument encouraging the jury to speculate as to what defendant might have intended to do to her.
>
>D. Trial counsel ineffectively failed to object to prosecutorial misconduct set forth in Argument II.
>
>VI. The trial court plainly erred in instructing the jury on reasonable doubt.
>
>VII. The cumulative effect of error requires that defendant be granted a new trial.

The Michigan Court of Appeals affirmed petitioner's conviction on November 22, 2003. Petitioner filed leave to appeal in the Michigan Supreme Court, which denied the application on May 30, 2003.

>Petitioner has raised the following issues in his petition:
>
>I. Denial of effective assistance of counsel.
>
>II. Prosecutorial misconduct.
>
>III. Denial of effective assistance of appellate counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.*

(disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner asserted claims of ineffective assistance of counsel and prosecutorial misconduct in the state courts. However, the claims presented in the state court are based upon different factual arguments than the claims asserted in this habeas petition. Petitioner never raised the claims he now asserts in the state courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. Because Petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982).

Accordingly, it is recommended that the court grant respondent's motion (docket #11) and dismiss petitioner's habeas corpus application without prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application on procedural grounds of failure to exhaust. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   August 25, 2005